UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TOBIN SEGRIST, et al., | ) | |
|---|---|---|
| Plaintiffs | ) | |
| v. | ) | NO. 3:-16-cv-00063 |
| | ) | CHIEF JUDGE CRENSHAW |
| THE BANK OF NEW YORK MELLON, et al., | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

Pending before the Court are three Motions to Dismiss: (1) Doc. No. 53, filed by The Bank of New York Mellon; (2) Doc. No. 57, filed by Debbie Howell and Fred Howell; and (3) Doc. No. 67, filed by Bank of America. Plaintiffs have filed a Response (Doc. No. 61) to the first two Motions,[1] and the Bank of New York Mellon has filed a Reply (Doc. No. 62.)

### BACKGROUND

Tobin and Amy Segrist filed this action to enforce a rescission of their mortgage loan agreement pursuant to the Truth in Lending Act ("TILA"). The Segrists allege that they were never provided with all of the documentation that was required to be provided to them under TILA.

The Segrists purchased the property at issue on April 4, 2003, through a loan transaction with Full Spectrum Lending, Inc. The Note and Deed of Trust are filed at Doc. Nos. 54-1 and 54-2. The Deed of Trust indicates that the Borrowers are the Segrists, the Lender is Full Spectrum Lending, Inc., the Trustee is Arnold M. Weiss, Attorney, and the beneficiary and nominee for Lender is Mortgage Electronic

---

[1] Bank of America filed its Motion to Dismiss on November 23, 2016 (Doc. No. 67), and the Segrists had already filed, on October 21, 2016, their Response (Doc. No. 61) to the first two Motions to Dismiss. The record does not include a Response to Bank of America's Motion to Dismiss.

Registration Systems, Inc. ("MERS"). On April 13, 2013, the Segrists entered into a Loan Modification Agreement with Bank of America ("BOA") that amended and supplemented the original loan documents. (Doc. No. 54-5.) By assignment of the Deed of Trust (Doc. No. 54-4), The Bank of New York Mellon ("BNY") became the owner of the Note, Deed of Trust, and first lien on the subject property.

On August 11, 2015, the Segrists recorded a purported Notice of Rescission of the loan (Doc. No. 54-6) with the Register of Deeds in Sumner County, Tennessee. Because the Segrists defaulted on their loan, BNY held a foreclosure sale of the property on September 10, 2015, bought the property (Doc. No. 54-7), and filed a detainer action in state court. After the state court entered an order granting BNY possession of the property, BNY sold the property to Fred Howell. The Segrists filed a Notice of Appeal of the detainer action order and filed their own detainer action in the Circuit Court for Sumner County, Tennessee. The matters in state court have been consolidated and are stayed, pending the outcome of this litigation.

The Segrists allege that they have rescinded not only the Loan Modification Agreement, but also the original loan, and that they are entitled to return of the cancelled note, return of all funds paid during the life of the loan, and a voiding of BNY's lien. They claim that all Defendants have failed timely to file an action to challenge the rescission and, therefore, have forfeited the right to enforce the loan. The Segrists also ask the Court to declare that BOA had no authority to enter into the Loan Modification Agreement, that BNY never had any interest in the Note or Deed of Trust, and that BNY never had the authority to convey the property to Fred Howell. Finally, the Segrists contend that they were fraudulently induced to enter into the Loan Modification Agreement. (Doc. 52 - Second Amended Complaint.)

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## TRUTH IN LENDING ACT

The Truth in Lending Act was passed "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Under TILA, the borrower has the right to rescind the transaction until midnight of the third business day following the consummation of the loan or the delivery of the information, forms and material disclosures required under the statute, whichever is later. 15 U.S.C. § 1635(a). TILA grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the statute's disclosure requirements. <u>Jesinoski v. Countrywide Home Loans, Inc.</u>, 135 S.Ct. 790, 792 (2015). A TILA rescission claim has a three-year statute of limitations. 15 U.S.C. § 1635(f). Rescission is effected when the borrower notifies the creditor of his

intention to rescind. 15 U.S.C. § 1635(a). The statute does not require the borrower also to sue for rescission within three years, just to notify the creditor of his intention to rescind. Jesinoski, 135 S.Ct. at 792.

The rescission provisions of TILA do not apply to a "residential mortgage transaction," 15 U.S.C. § 1635(e)(1), defined in the statute as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). The rescission provisions also do not apply to a refinancing or consolidation (with no new advances) of the principal balance by the same creditor. 15 U.S.C. § 1635(e)(2). For a refinancing with a different creditor to give rise to a right of rescission, the existing obligation must be satisfied and replaced by a new obligation. The new obligation must completely replace the prior one. Castrillo v. American Home Mortgage Servicing, Inc., 670 F.Supp.2d 516, 527 (E.D. La. 2009);[2] 12 C.F.R. § 226.20. Mere changes to the terms of an existing obligation do not give rise to a right of rescission unless accomplished by the cancellation of that obligation and the substitution of a new obligation. Castrillo, 670 F.Supp.2d at 527.

## ANALYSIS

### COUNT I

In Count I, the Segrists seek rescission of the subject loan and return of all money and property given by them to anyone in connection with that loan. Defendants argue that the rescission provisions of TILA do not apply to either the original loan or the loan modification in this case because both are

---

[2] Plaintiffs criticize Defendants' citations to federal courts in states other than Tennessee, but TILA is a federal statute, not a state statute.

exempted from the statute in 15 U.S.C. § 1635, cited above. The original loan was a residential mortgage transaction. See Doc. Nos. 54-1 and 54-2. The loan modification was not a refinancing because the original obligation was not satisfied and replaced by a new obligation. Doc. No. 54-5. The Loan Modification Agreement specifically states that it "amends and supplements" the original April 4, 2003 loan documents. Id. The Segrists agreed to comply, except to the extent that they are modified by the Agreement, with all covenants, agreements and requirements of the original loan documents. Id. The Loan Modification Agreement states that all terms and provisions of the original loan documents, except as expressly modified in the Loan Modification Agreement, remain in full force and effect. Id. It also states: "Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the [original] Loan Documents." Id. The Loan Modification Agreement is not ambiguous. It does not satisfy or replace the original loan.

The Segrists contend that whether the loan modification replaced or amended the original mortgage is a question of fact that cannot be determined on this motion. The loan documents and Loan Modification Agreement, however, are part of the pleadings in this case,[3] and the Court has determined, as a matter of law, from those unambiguous documents, that the Loan Modification Agreement did not replace the original loan or satisfy the original obligation. Therefore, there is no right under TILA for rescission of the loan modification in this case.

To the extent the Segrists base their purported rescission on the original loan, there is also no right for rescission because that loan was a residential mortgage transaction. Moreover, the three-year statute

---

[3] Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the claim. Okolo v. Metropolitan Gov't of Nashville/Davidson County, 892 F.Supp. 2d 931, 946 (M.D. Tenn. 2012).

of limitations, from April 4, 2003, has passed. Because the Segrists have no right to rescission, their claims based upon Defendants' alleged failure to respond to the purported rescission will be denied as moot.

The Segrists have also asserted damages claims under the TILA. Those claims, however, must be brought within one year of the date of the alleged violation. 15 U.S.C. § 1640(e). The statute of limitations on the original loan expired in April of 2004, and the statute of limitations on the loan modification expired in April 2014. This action was filed on January 19, 2016.

For these reasons, Count I of the Segrists' Second Amended Complaint fails to state a claim for which relief may be granted in this case.

COUNT II

In their second cause of action, Plaintiffs seek a declaratory judgment that (1) BOA had no authority to enter into the Loan Modification Agreement, (2) BNY never had any interest in the Note or Deed of Trust, and (3) BNY never had the authority to convey the property to Fred Howell.

BOA was the servicer of Plaintiffs' loan and the "Lender" under the Loan Modification Agreement. Plaintiffs have not offered any facts to state a plausible claim that BOA had no authority to modify Plaintiffs' existing loan. Plaintiff do not have to allege all the facts of their claims, but they have to do more than simply state that BOA had no authority to enter into the Loan Modification Agreement. The Agreement itself indicates that the Segrists and BOA together amended and supplemented the original loan to provide for new terms more favorable to the Segrists, including permanent forgiveness of $67,419.53 of the debt. Doc. No. 54-5. Plaintiffs must allege more than the conclusory allegation that BOA had no authority to make this Agreement.

Alternatively, BOA argues that there is no case or controversy between it and the Segrists such that a declaratory judgment would be appropriate. The original loan documents, not the Loan Modification

6

Agreement, gave BNY the power to foreclose on the property. Even if BOA did not have authority to modify the subject loan, the note holder (BNY) foreclosed on and sold the property. Whether BOA had authority to enter into a modification agreement with the Segrists is not an issue that would determine any rights between the Segrists and the holder of the note.

The argument that BNY had no interest in the Note or Deed of Trust and no authority to convey the property to the Howells is rebutted by documents attached to the Motion to Dismiss.[4] The Note is endorsed in blank so that the holder of the note owns it, and it states that it may be transferred. Doc. No. 54-1. The Assignment of Deed of Trust to BNY is filed as Doc. No. 54-4. As holder of the Note and Owner of the Deed of Trust, BNY had the authority to foreclose on the property, which it did, and to purchase the property at the foreclosure, which it did (Doc. No. 54-7). Then, as owner of the property, BNY had authority to transfer it by warranty deed to the Howells.

The Segrists have failed to state a claim for which relief may be granted in Count II.

COUNT III

In Count III of the Second Amended Complaint, the Segrists allege that BOA fraudulently induced them to enter into the Loan Modification Agreement by representing that it had legal authority to offer the loan modification to the Segrists. Again, the Segrists must do more than simply state that BOA had no authority to enter into the Loan Modification Agreement. Their allegations that BOA made false representations in and about the Loan Modification Agreement are conclusory and have no factual basis

---

[4] When a written instrument contradicts allegations in the complaint, the exhibit trumps the allegations. Kreipke v. Wayne State Univ., 807 F.3d 768, 782 (6th Cir. 2015); Doe v. Univ. of Tenn., 186 F.Supp.3d 788, 808, n. 14 (M.D. Tenn. 2016).

in the Second Amended Complaint.[5] Therefore, the Segrists have failed to state a claim for which relief may be granted in Count III.

OTHER ALLEGATIONS

The Segrists make two isolated references to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., in their Second Amended Complaint. Doc. No. 52, ¶¶ 20 and 30 Those paragraphs allege that Plaintiffs brought this action "to assert violations of [RESPA]" and that Plaintiffs are "asserting other statutory relief under RESPA." There is no factual content explaining how provisions of RESPA were allegedly violated, how the Segrists were damaged, or what damages the Segrists have suffered as a result of the alleged RESPA violation(s). The Court finds that the Segrists have failed to state a claim for which relief may be granted under RESPA, and that claim will be dismissed.

In response to the Motions to Dismiss, the Segrists have conceded that they are not bringing claims for wrongful foreclosure or "future acts" by Defendants. Doc. No. 61. Given the rulings herein, the Court need not and will not address Defendants' argument that the Segrists have no standing to challenge the assignment of the Deed of Trust.

BNY asks the Court to award attorneys' fees and costs in this matter. BNY shall submit its Motion for Attorneys' Fees and supporting documentation within thirty(30) days, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

CONCLUSION

The Segrists' purported rescission of the loan and loan modification in this case was ineffective, as the rescission provisions of TILA do not apply to this loan. In addition, the Segrists' claims for damages

---

[5] The Segrists concede that they did not plead a time and place of the misrepresentations and request permission to amend. This is the third Complaint that the Segrists have filed. Their request to amend will be denied.

under TILA are barred by the applicable one-year statute of limitations. Moreover, the Segrists have not stated plausible claims that Defendants had no authority under or interest in the Segrists' mortgage loan. And, finally, the Segrists have not stated a claim for fraud in the inducement of the Loan Modification Agreement or a claim for a violation of RESPA.

For these reasons, Defendants' Motions to Dismiss (Doc. Nos. 53, 57 and 67) will be granted, and this action will be dismissed.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE